UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>US CAPITAL/FASHION MALL, LLC,<br>et al.,[1]<br><br>    Debtors.<br>_____/ | CASE NO. 14-32819-BKC-JKO<br>CHAPTER 7<br>(Jointly Administered) |
| KENNETH A. WELT, Chapter 7 Trustee<br>of the estates of the Debtors,<br><br>    Plaintiff,<br>v.<br><br>WEI CHEN a/k/a Yejun He, an individual,<br>JIN ZHI STAR (US) COMPANY, a<br>Florida corporation, WCH HOSPITALITY,<br>LLC, a Florida limited liability company, and<br>HONG HUANG a/k/a LINDA HUANG,<br>an individual,<br><br>    Defendants.<br>_____/ | ADV. NO. 16-01406-JKO-BKC-A |

**TRUSTEE'S RESPONSE TO DEFENDANT WEI CHEN'S MOTION TO
STRIKE IMMATERIAL, IMPERTINENT, AND SCANDALOUS MATTER**

    The Plaintiff, KENNETH A. WELT (the "Trustee"), Chapter 7 Trustee of the estates of each of the Debtors, US Capital/Fashion Mall, LLC ("US Capital/FM"), US Capital Holdings, LLC ("U.S. Capital Holdings") and Mapuche, LLC ("Mapuche") (collectively, the "Debtors"), responds to the Motion to Strike Immaterial, Impertinent, and Scandalous Matter [ECF No. 52] ("Motion to Strike") filed by defendant Wei Chen, previously known as Yejun He ("Chen"),

---

[1] The Debtors in these jointly administered cases are (i) US Capital/Fashion Mall, LLC (Case No. 14-32819-BKC-JKO); (ii) US Capital Holdings, LLC (Case No. 14-32822-BKC-JKO); and (iii) Mapuche, LLC (Case No. 14-32827-BKC-JKO).

which seeks to strike an allegation from the Trustee's Adversary Complaint to Avoid and Recover Fraudulent Transfers, for Damages, and for Other Relief [ECF No. 1] (the "Complaint"). In opposition to the Motion to Strike, the Trustee respectfully states:

## Background

This action seeks to recover millions of dollars that Chen looted from the Debtors over the course of years using his insider position as the Debtors' Manager, and seeks damages against Chen and his co-defendants (Chen's wife and two entities that Chen owned and controlled) for the significant harm their wrongful conduct inflicted on the Debtors. In the Complaint, the Trustee alleges in significant detail, and with particularity, the numerous outrageous ways in which Chen plundered the Debtors' money, stole vital corporate opportunities, and otherwise breached his fiduciary duties.

## The Motion to Strike

The instant 21-page Motion to Strike consists mostly of a 14-page unverified narrative that attempts to recast the allegations of the Trustee's Complaint in a light more favorable to Chen; only *three pages* of the Motion to Strike have anything to do with the allegations that Chen is seeking to have stricken. *See* [ECF No. 52, pp. 4-7]. Most of the motion consists of an unsworn, unsupported public relations campaign, basically inviting this Court to make credibility determinations in favor of Chen and adverse to the Trustee at the pleading stage. This, of course, is entirely improper.

More to the point, Chen's unsworn recitation about how innocent and credible he is has little to nothing to do with the relief sought in the Motion to Strike. The only allegation that Chen is actually asking this Court to strike appears in paragraph 4 of the Complaint, which alleges that Interpol's website (which is publicly accessible) states that a person by the name of Yejun He

2

(Chen admits that his name was Yejun He before he changed it) is wanted by Chinese authorities for "Misappropriation" ("Challenged Allegation").[2] Complaint ¶ 4. The Challenged Allegation provides, in its entirety:

> Yejun He (with a picture of Chen) appears on Interpol's website as a person wanted by the judicial authorities of the People's Republic of China for prosecution for misappropriating funds. In addition, Chen was described in recent national media accounts as a known high-profile criminal fugitive of the People's Republic of China, who is wanted under the name Yejun He.

*Id.*[3]

In the Motion to Strike, Chen admits that the criminal investigation in China occurred in 1999 and that he left the country that same year (allegedly, according to Chen, due to "severe heart disease"). [ECF No. 52 pp. 5-6]. Chen does not contest the fact that his picture and information about him appears on an international police website seeking his apprehension for *misappropriation*. Rather, Chen claims he was never charged with a crime and that Zhen Zeng Du (Chen's adversary in pre-petition state court litigation concerning ownership and control of the Debtors) "planted" a story about Chen in the media. *Id.* at 5-6. Chen also claims that he jettisoned his name, Yejun He, and adopted his new name because it was "feng shui" to do so. *Id.* at 6. Again, none of this is verified or supported by an affidavit.[4]

---

[2] "INTERPOL" stands for International Criminal Police Organization and "is the world's largest international police organization, with 190 member countries." The website for INTERPOL states that its "role is to enable police around the world to work together to make the world a safer place." INTERPOL, Overview, *available at* https://www.interpol.int/About-INTERPOL/Overview (last accessed Dec. 23, 2016).

[3] *See* INTERPOL, Yejun He, available at https://www.interpol.int/notice/search/wanted/1999-39521 (last accessed Dec. 23, 2016).

[4] The only "support" provided by Chen is a Wall Street Journal article stating that certain Chinese people were changing their names to seek new health and business opportunities. However, this "support" contradicts Chen's assertion that he was a "celebrated business man in China" under the name "Yejun He." [ECF No. 52, pp. 6-7].

**Argument**

Federal Rule of Civil Procedure 12(f) (made applicable in this case by Bankruptcy Rule 7012) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are "disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Garcia v. Chapman*, 911 F. Supp. 2d 1222, 1243–44 (S.D. Fla. 2012) (quoting *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005)). These motions are viewed as "purely cosmetic" and mere "time wasters" that should be "denied unless the challenged allegations have *no possible relation or logical connection* to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id.* at 1244 (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007)) (emphasis added); *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (same); *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 5410609, at *2 (S.D. Fla. Nov. 6, 2012) (Scola, J.) (motions to strike "waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim"); *see also Baytown Christian Fellowship Church v. Underwriters at Lloyd's, London*, 2012 WL 3129094, at *1 (S.D. Tex. July 31, 2012) (noting that motions to strike are often used as a dilatory tactic). Any doubt about whether the challenged material should be stricken should be resolved in favor of the non-moving party. *Garcia*, 911 F. Supp. 2d at 1244.

Striking pleadings is a "drastic remedy" which may only be permitted when "required for the purposes of justice." *Augustus v. Board of Public Instruction of Excambia County,* 306 F.2d

862, 868 (5th Cir. 1962);[5] *F.T.C. v. Alcoholism Cure Corp.*, 2010 WL 4840046, at *2 (M.D. Fla. Nov. 23, 2010) (Rule 12(f) motions are "rarely granted absent a showing of prejudice") (citations omitted); *Exhibit Icons, LLC v. XP Cos.,* 609 F.Supp.2d 1282, 1300 (S.D. Fla. 2009) (Marra, J.) (same); *Badesch v. Aetna Health, Inc.*, 2008 WL 2856599, at *1 (S.D. Fla. July 23, 2008) (Cohn, J.) (same). "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

Chen cannot possibly meet this burden here. The Challenged Allegation is *demonstrably true*; it is confirmed from a review of Interpol's publicly-available website; Chen does not even deny its truth. Chen's image appears on the Interpol's website database as an individual "WANTED BY THE JUDICIAL AUTHORITIES OF CHINA FOR PROSECUTION / TO SERVE A SENTENCE." There is simply nothing false or scandalous about the allegation.[6] On top of that, the allegation is plainly relevant: the Trustee alleges that Chen is wanted in China for misappropriation and this is a lawsuit in which the Trustee is accusing Chen *of misappropriation*.

---

[5] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

[6] The word "scandalous" means "libelous, defamatory" or "offensive to propriety or morality." *Mirriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/scandalous (last accessed Dec. 23, 2016). Scandalous material includes, for example, references to a "concentration camp," "brainwash," and "torture" in a case alleging emotional damages resulting from an employer's resignation process. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 2007 WL 201261, at *2 (S.D. Fla. Jan. 24, 2007) (quoting *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)); s*ee also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992) (allegations that defendants intentionally caused a salmonella outbreak to deprive plaintiffs of their jobs were scandalous).

The allegation thus plainly has some "possible relation to the controversy" and therefore should not be stricken. *Garcia, supra.*[7]

Chen also argues that the allegations related to the crimes in China would be inadmissible as evidence. [ECF No. 52, p. 18]. However, admissibility is not the standard under Rule 12(f) and courts have recognized that a defendant may file a motion in limine to keep purportedly scandalous material out. *McGlauflin v. RCC Atl. Inc.*, 269 F.R.D. 56, 58 (D. Me. 2010) (noting that defendants are "free to file a motion in limine" to keep purportedly scandalous material out). Courts in the Southern District of Florida have recognized that complaints:

> [are] not evidence, and the admissibility of any evidence which might prejudice [d]efendants [should] be resolved in a later stage of the litigation. [ ... ] Ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone.

*Jackson v. Grupo Industrial Hotelero*, No. 07–22046–CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) (quotations and citations omitted); *see also Agan v. Katzman & Korr, P.A.*, 328 F.Supp.2d 1363, 1369 (S.D. Fla. 2004) ("courts should not tamper with the pleadings unless there is strong reason for so doing").

Courts have also held that "it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *S.D. v. St. Johns Cty. Sch. Dist.*, 2009 WL 1941482, at *4 (M.D. Fla. July 7, 2009) (citing Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 465–66 (3d ed. 2004)). To strike material as scandalous, "it must be obviously false and unrelated to the subject matter

---

[7] Indeed, the names Wei Chen and Yejun He were sometimes used interchangeably in transactional documents. For example, in a Membership Purchase Option Agreement dated March 7, 2007, by and among certain parties including Jin Zhi Star ("JZS") and Mapuche, notices to JZS are to be sent to JZS "Attn: Yejun He, President" and notices to Mapuche (at the same address) are to be sent to Mapuche "Attn: Manager Wei Chen". See Complaint, ¶ 30(d).

of the action." *Id.* (quoting *Gateway Bottling, Inc. v. Dad's Rootbeer Co.*, 53 F.R.D. 585, 588 (W.D. Pa. 1971)). Chen's Motion to Strike comes nowhere close to meeting this high burden.

Finally, Chen argues that the Challenged Allegation is "unnecessarily confusing and would prejudice" the trier of fact. [ECF No. 52, p. 20]. However, assertions that allegations will "confuse the trier of fact" or will "complicate the issues" are *not* "valid bases to strike under Rule 12(f)." *Anish v. Nat'l Sec. Corp.*, 2010 WL 4065433, at *4 (S.D. Fla. Oct. 15, 2010). Instead, a motion to strike "will not be granted unless the allegations are so immaterial that they can have no possible bearing on the issues to be litigated." *St. Johns Cty. Sch. Dist.*, 2009 WL 1941482, at *1.

## Conclusion

Chen's Motion to Strike should be denied. The Challenged Allegation—that Chen is wanted for misappropriation—is not immaterial in this case involving Chen's misappropriation of the Debtor's funds, nor is it impertinent or scandalous. As courts in the Southern District of Florida have made clear, striking a pleading under Rule 12(f) is rarely justified. No such justification appears here. The Court should deny the Motion to Strike.

Respectfully submitted this 30th day of December, 2016.

                **GENOVESE JOBLOVE &BATTISTA, P.A.**
                *Counsel for Kenneth A. Welt, Trustee*
                100 S.E. Second Street, 44th Floor
                Miami, FL 33131
                Tel: (305) 349-2300
                Fax: (305) 349-2310

                By: /s/ David C. Cimo
                      David C. Cimo, Esq.
                      Florida Bar No. 775400
                      Email: dcimo@gjb-law.com
                      Glenn D. Moses, Esq.

        Florida Bar No. 174556
        Email: gmoses@gjb-law.com
        Michael A. Friedman, Esq.
        Florida Bar No. 0071828
        Email: mfriedman@gjb-law.com
        Clay B. Roberts, Esq.
        Florida Bar No. 116058
        Email: croberts@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copy of the foregoing was served on December 30, 2016 by electronic mail via CM/ECF Notification and/or via U.S. Mail, postage prepaid, as indicated, to those listed on the attached Service List.

        By: /s/ David C. Cimo
            David C. Cimo, Esq.

**SERVICE LIST**

*Served via CM/ECF Notification*

Richard E Berman on behalf of Defendant WCH Hospitality, LLC
ebocaservice@blankrome.com, rberman@blankrome.com;ahsu@blankrome.com

Richard E Berman on behalf of Defendant Hong Huang
bocaeservice@blankrome.com, rberman@blankrome.com;ahsu@blankrome.com

Richard E Berman on behalf of Defendant Wei Chen
bocaeservice@blankrome.com, rberman@blankrome.com;ahsu@blankrome.com

David C. Cimo, Esq on behalf of Plaintiff Kenneth A. Welt, Chapter 7 Trustee
dcimo@gjb-law.com, gjbecf@gjb-law.com

Alen Hsu on behalf of Defendant WCH Hospitality, LLC
ahsu@blankrome.com

Alen Hsu on behalf of Defendant Hong Huang
ahsu@blankrome.com

Alen Hsu on behalf of Defendant Wei Chen
ahsu@blankrome.com

Michael L Schuster on behalf of Plaintiff Kenneth A. Welt, Chapter 7 Trustee
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com;ekelly@gjb-law.com

Scott A. Underwood, Esq. on behalf of Defendant Jin Zhi Star (US) Company
scott.underwood@bipc.com, denise.strand@bipc.com

*Served via U.S. Mail and E-Mail*

Timothy Palmer, Esq.
Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Email: timothy.palmer@bipic.com

Jesse H. Diner, Esq.
S. Carey Villenueve, Esq.
Buchanan Ingersoll & Rooney PC
401 East Las Olas, Ste. 2250
Fort Lauderdale, FL 33301
Email:  jesse.diner@bipic.com
Email:  carey.villeneuve@bipic.com