**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FORT LAUDERDALE DIVISION)**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | CASE NO. 14-32819-BKC-JKO |
| | CHAPTER 7 |
| US CAPITAL/FASHION MALL, LLC, | (Jointly Administered) |
| et al.,[1] | |
| Debtors. | |
| _____/ | |
| KENNETH A. WELT, Chapter 7 Trustee | ADV. NO. 16-01406-JKO-BKC-A |
| of the estates of the Debtors, | |
| Plaintiff, | |
| v. | |
| WEI CHEN a/k/a Yejun He, an individual, | |
| JIN ZHI STAR (US) COMPANY, a | |
| Florida corporation, WCH HOSPITALITY, | |
| LLC, a Florida limited liability company, and | |
| HONG HUANG a/k/a LINDA HUANG, | |
| an individual, | |
| Defendants. | |
| _____/ | |

**RESPONSE IN OPPOSITION TO DEFENDANT HONG HUANG'S MOTION TO**
**STRIKE IMMATERIAL, IMPERTINENT, AND SCANDALOUS MATTER**

The Plaintiff, KENNETH A. WELT (the "Trustee"), Chapter 7 Trustee of the estates of each of the Debtors, US Capital/Fashion Mall, LLC ("US Capital/FM"), US Capital Holdings, LLC ("U.S. Capital Holdings"), and Mapuche, LLC ("Mapuche") (collectively, the "Debtors"), responds to the Motion to Strike Immaterial, Impertinent, and Scandalous Matter [ECF No. 57] ("Motion to Strike") filed by defendant Hong Huang, also known as Linda Huang ("Huang"),

---

[1] The Debtors in these jointly administered cases are (i) US Capital/Fashion Mall, LLC (Case No. 14-32819-BKC-JKO); (ii) US Capital Holdings, LLC (Case No. 14-32822-BKC-JKO); and (iii) Mapuche, LLC (Case No. 14-32827-BKC-JKO).

which seeks to strike an allegation from the Trustee's Adversary Complaint to Avoid and Recover Fraudulent Transfers, for Damages, and for Other Relief [ECF No. 1] (the "Complaint"). In opposition to the Motion to Strike, the Trustee respectfully states:

**Background**

This action seeks to recover millions of dollars that Huang's husband, Wei Chen ("Chen"), looted from the Debtors over the course of several years, and seeks damages against Chen and his co-defendants (Huang and two entities that Chen owned and controlled) for the significant harm their wrongful conduct inflicted on the Debtors. In the Complaint, the Trustee alleges in significant detail, and with particularity, the numerous outrageous ways in which Chen plundered the Debtors' money, stole vital corporate opportunities from them, and otherwise breached his fiduciary duties to them.

**The Motion to Strike**

As indicated in the Trustee's Response to Chen's Motion to Strike filed contemporaneously with this response, Chen and Huang are not entitled to rewrite the Trustee's Complaint. The facts alleged in the Trustee's lawsuit against Huang, while vivid, absolutely bear a logical connection to the causes of action asserted against Huang. The Court should be aware of the full range of facts and circumstances Chen, his wife Huang, and their associates were involved in. Huang must not be permitted to whitewash the allegations in this case.

Huang's Motion to Strike argues that a single allegation in the Trustee's Complaint is not relevant and might not be inadmissible at trial. [ECF No. 57, pp. 2, 7]. The Trustee alleged that Interpol's website, which is publicly accessible, states that Huang is wanted by Chinese

authorities for "Misappropriation of funds" ("Challenged Allegation"). [ECF No. 1, ¶ 9].[2] The Challenged Allegation provides, in its entirety:

> The Defendant, Huang, is an individual who resides in Miami-Dade County, Florida who, at all times material hereto was, or currently is, the spouse of Chen. Huang appears on Interpol's website as a person wanted by the judicial authorities of China for prosecution for misappropriating of funds. Upon information and belief, there are presently deportation proceedings pending in respect of Huang, who has declined to answer certain questions at a Bankruptcy Rule 2004 examination conducted by the Trustee on the basis of the Fifth Amendment.

*Id.*[3]

Because the Trustee's lawsuit is about misappropriation of the Debtors' funds by Chen, Huang, and their close associates, it would be inappropriate to strike the Challenged Allegation as it is demonstrably true and there is a logical connection between the allegation and the Trustee's lawsuit. Moreover, it is highly relevant that Huang refused to answer questions at her Rule 2004 examination. The Court should deny the Motion to Strike.

## Argument

Federal Rule of Civil Procedure 12(f) (made applicable in this case by Bankrutpcy Rule 7012) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are "disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Garcia v. Chapman*, 911 F. Supp. 2d 1222, 1243–44 (S.D. Fla. 2012) (quoting *Merrill Lynch Bus. Fin.*

---

[2] "INTERPOL" stands for International Criminal Police Organization and "is the world's largest international police organization, with 190 member countries." The website for INTERPOL states that its "role is to enable police around the world to work together to make the world a safer place." INTERPOL, Overview, *available at* https://www.interpol.int/About-INTERPOL/Overview (last accessed Dec. 23, 2016).

[3] *See* INTERPOL, Hong Huang, available at https://www.interpol.int/notice/search/wanted/1999-39524 (last accessed Dec. 23, 2016).

*Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005)).

Motions to strike are viewed as "purely cosmetic" and mere "time wasters" that should be "denied unless the challenged allegations have ***no possible relation or logical connection*** to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id.* at 1244 (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007)) (emphasis added); *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (same); *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 5410609, at *2 (S.D. Fla. Nov. 6, 2012) (Scola, J.) (motions to strike "waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim"); *see also Baytown Christian Fellowship Church v. Underwriters at Lloyd's, London*, 2012 WL 3129094, at *1 (S.D. Tex. July 31, 2012) (noting that motions to strike are often used as a dilatory tactic). Any doubt about whether the challenged material should be stricken should be resolved in favor of the non-moving party. *Garcia*, 911 F. Supp. 2d at 1244.

Striking pleadings is a "drastic remedy" which may only be permitted when "required for the purposes of justice." *Augustus v. Board of Public Instruction of Excambia County,* 306 F.2d 862, 868 (5th Cir. 1962);[4] *F.T.C. v. Alcoholism Cure Corp.*, 2010 WL 4840046, at *2 (M.D. Fla. Nov. 23, 2010) (Rule 12(f) motions are "rarely granted absent a showing of prejudice") (citations omitted); *Exhibit Icons, LLC v. XP Cos.,* 609 F.Supp.2d 1282, 1300 (S.D. Fla. 2009) (Marra, J.) (same); *Badesch v. Aetna Health, Inc.*, 2008 WL 2856599, at *1 (S.D. Fla. July 23, 2008) (Cohn, J.) (same). "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is

---

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

Huang cannot meet the burden required of a motion to strike. The Challenged Allegation is *demonstrably true*; it is confirmed from a review of Interpol's publicly-available website; Huang does not even deny its truth. Huang's image appears on the Interpol's website database as an individual "WANTED BY THE JUDICIAL AUTHORITIES OF CHINA FOR PROSECUTION / TO SERVE A SENTENCE." There is simply nothing false or scandalous about the allegation.[5] On top of that, the allegation is plainly relevant: the Trustee alleges that Huang is wanted in China for misappropriation and this is a lawsuit in which the Trustee is accusing Huang *of misappropriation*. The allegation thus plainly has some "possible relation to the controversy" and therefore should not be stricken. *Garcia, supra.*

Huang also argues that the allegations related to the crimes in China would be inadmissible as evidence. [ECF No. 57, p. 2, 7]. However, admissibility is not the standard under Rule 12(f) and courts have recognized that a defendant may file a motion in limine to keep purportedly scandalous material out. *McGlauflin v. RCC Atl. Inc.*, 269 F.R.D. 56, 58 (D. Me. 2010) (noting that defendants are "free to file a motion in limine" to keep purportedly scandalous material out). Courts in the Southern District of Florida have recognized that complaints:

> [are] not evidence, and the admissibility of any evidence which might prejudice [d]efendants [should] be resolved in a later stage of the litigation. [ ... ] Ordinarily

---

[5] The word "scandalous" means "libelous, defamatory" or "offensive to propriety or morality." *Mirriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/scandalous (last accessed Dec. 23, 2016). Scandalous material includes, for example, references to a "concentration camp," "brainwash," and "torture" in a case alleging emotional damages resulting from an employer's resignation process. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 2007 WL 201261, at *2 (S.D. Fla. Jan. 24, 2007) (quoting *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)); s*ee also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992) (allegations that defendants intentionally caused a salmonella outbreak to deprive plaintiffs of their jobs were scandalous).

5

> neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone.

*Jackson v. Grupo Industrial Hotelero*, No. 07–22046–CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) (quotations and citations omitted); *see also Agan v. Katzman & Korr, P.A.*, 328 F.Supp.2d 1363, 1369 (S.D. Fla. 2004) ("courts should not tamper with the pleadings unless there is strong reason for so doing").

Courts have also held that "it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *S.D. v. St. Johns Cty. Sch. Dist.*, No. 3:09-CV-250-J-20TEM, 2009 WL 1941482, at *4 (M.D. Fla. July 7, 2009) (citing Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 465–66 (3d ed. 2004). In fact, at bottom, to strike material as scandalous, "it must be obviously false and unrelated to the subject matter of the action." *Id.* (quoting *Gateway Bottling, Inc. v. Dad's Rootbeer Co.*, 53 F.R.D. 585, 588 (W.D. Pa. 1971)). Huang's Motion to Strike comes fails to meet this high burden.

Finally, Huang argues that the Challenged Allegation is "unnecessarily confusing and would prejudice" the trier of fact. [ECF No. 57, p. 7]. However, assertions that allegations will "confuse the trier of fact" or will "complicate the issues" are not "valid bases to strike under Rule 12(f)." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV-MARRA, 2010 WL 4065433, at *4 (S.D. Fla. Oct. 15, 2010). Indeed, a motion to strike "will not be granted unless the allegations are so immaterial that they can have no possible bearing on the issues to be litigated." *St. Johns Cty. Sch. Dist.*, 2009 WL 1941482, at *1.

## CONCLUSION

Huang's Motion to Strike should be denied. The Challenged Allegation—that Huang is wanted for misappropriation—is not immaterial in this case involving Huang's misappropriation of the Debtor's funds, nor is it impertinent or scandalous. Courts in the Southern District of Florida are clear that striking anything from pleadings is a rarely justified action. No such justification appears here. The Court should deny the Motion to Strike.

Respectfully submitted this 30th day of December, 2016.

        **GENOVESE JOBLOVE &BATTISTA, P.A.**
        *Counsel for Kenneth A. Welt, Trustee*
        100 S.E. Second Street, 44th Floor
        Miami, FL 33131
        Tel: (305) 349-2300
        Fax: (305) 349-2310

        By: /s/ David. C. Cimo
            David C. Cimo, Esq.
            Florida Bar No. 775400
            Email: dcimo@gjb-law.com
            Glenn D. Moses, Esq.
            Florida Bar No. 174556
            Email: gmoses@gjb-law.com
            Michael A. Friedman, Esq.
            Florida Bar No. 71828
            Email: mfriedman@gjb-law.com
            Clay B. Roberts, Esq.
            Florida Bar No. 116058
            Email: croberts@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copy of the foregoing Motion was served on December 30, 2016 by electronic mail via CM/ECF Notification and/or via U.S. Mail, postage prepaid, as indicated, to those listed on the attached Service List.

        By: /s/ David C. Cimo
            David C. Cimo, Esq.

**SERVICE LIST**

*Served via CM/ECF Notification*

Richard E Berman on behalf of Defendant WCH Hospitality, LLC
ebocaservice@blankrome.com, rberman@blankrome.com;ahsu@blankrome.com

Richard E Berman on behalf of Defendant Hong Huang
bocaeservice@blankrome.com, rberman@blankrome.com;ahsu@blankrome.com

Richard E Berman on behalf of Defendant Wei Chen
bocaeservice@blankrome.com, rberman@blankrome.com;ahsu@blankrome.com

David C. Cimo, Esq on behalf of Plaintiff Kenneth A. Welt, Chapter 7 Trustee
dcimo@gjb-law.com, gjbecf@gjb-law.com

Alen Hsu on behalf of Defendant WCH Hospitality, LLC
ahsu@blankrome.com

Alen Hsu on behalf of Defendant Hong Huang
ahsu@blankrome.com

Alen Hsu on behalf of Defendant Wei Chen
ahsu@blankrome.com

Michael L Schuster on behalf of Plaintiff Kenneth A. Welt, Chapter 7 Trustee
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com;ekelly@gjb-law.com

Scott A. Underwood, Esq. on behalf of Defendant Jin Zhi Star (US) Company
scott.underwood@bipc.com, denise.strand@bipc.com


*Served via U.S. Mail and E-Mail*

Timothy Palmer, Esq.
Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Email:  timothy.palmer@bipic.com

Jesse H. Diner, Esq.
S. Carey Villenueve, Esq.
Buchanan Ingersoll & Rooney PC
401 East Las Olas, Ste. 2250
Fort Lauderdale, FL 33301
Email:  jesse.diner@bipic.com
Email:  carey.villeneuve@bipic.com